UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WINCHCOMBE,

Plaintiff,

-against-

DISTRICT ATTORNEY ANTHONY PARISI; A.D.A. JOSEPH GRUNER; EDWARD MCLOUGHLIN, DUTCHESS COUNTY COURT JUSTICE; ATTORNEY MICHAEL POLLOK; A.D.A. KRISTINE WHELAN; KARA GARY; JESSICA SEGAL, DUTCHESS COUNTY COURT JUSTICE,

Defendants.

26-CV-1521 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Franklin Correctional Facility, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for alleged violations of his rights under the Eighth and Fourteenth Amendments. Plaintiff sues Justices Edward McLoughlin and Jessica Segal of the Dutchess County Court; Dutchess County District Attorney Anthony Parisi and Assistant District Attorneys Joseph Gruner and Kristine Whelan; and defense attorneys Kara Gary and Michael Pollok.

By order dated February 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses Plaintiff's claims.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff Michael Winchcombe alleges that his claims arose on August 21, 2024, at the Dutchess County Court. Plaintiff sues the presiding judges, prosecuting attorneys, and defense counsel involved with his criminal proceedings.

At Plaintiff's bail hearing, Justice Jessica Segal "chose to victimize" Plaintiff "by setting an [$]800,000 bail in County Court as well as an [$]800,000 bail in Poughkeepsie (City) Court." (ECF 1 at 9.) Justice Segal also "stated things that were false," and Plaintiff alleges that he "felt extremely discriminated against." (*Id.*) Thereafter, Justice Edward McLoughlin allegedly stated in the context of Plaintiff's criminal proceedings that Plaintiff "has a drug problem and mental health issues," even though neither is true. (*Id.* at 8.)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

ADA Kristine Whalen allegedly had "falsely prosecuted [Plaintiff] in the past when she knew [he] was innocent." (*Id.*) ADA Joseph Gruner from the Dutchess County District Attorney's Office allegedly failed to provide discovery materials to Plaintiff's defense counsel, including recordings and transcripts of calls that Plaintiff made to the New York State Police and the Federal Bureau of Investigation ("FBI").

Defense attorney Kara Gary was made aware that Dutchess County Jail ("DCJ") staff had assaulted Plaintiff during his pretrial detention, resulting in a torn disc in his back, requiring surgery.[3] Gary allegedly "did nothing" about the assault. (*Id.*) Moreover, Gary said Plaintiff "was crazy and she was going to order another 730 exam," which Plaintiff contends was unnecessary. (*Id.*) Defense counsel Pollock told Plaintiff that he would forward Plaintiff's medical records to Carol Moore, the Chief Medical Officer of the New York State Department of Corrections and Community Supervision, but Plaintiff is unsure if Pollock did so. Moreover, Plaintiff alleges that Pollok provided ineffective assistance of counsel because he refused to take the case to trial. (*Id.* at 8-9.)

After Plaintiff's conviction and transfer to Marcy Correctional Facility, he was denied pain medication, which he alleges was done in retaliation for his having filed suit regarding the assault at DCJ, *Winchcombe*, No. 26-CV-00145 (PMH). Plaintiff has already filed a separate action regarding his medical care at Marcy and Mid-State Correctional Facilities. *Winchcombe v. Kachare*, No. 26-CV-0686 (N.D.N.Y. Aug. 4, 2026) (order directing Plaintiff to file amended

[3] Plaintiff has already asserted claims against the DCJ staff in another pending action in this district, *Winchcombe v. Whitaker*, No. 26-CV-00145 (PMH) (S.D.N.Y.). In addition, Plaintiff has pending claims in the Western District of New York regarding his medical treatment at various facilities, *see Winchcombe v. Lewis*, No. 6:26-CV-06460 (MAV) (W.D.N.Y.) (complaint filed April 21, 2026).

complaint within 30 days).[4] Since filing this action, Plaintiff has been transferred from Marcy to Franklin Correctional Facility.

Plaintiff sues Dutchess County Court Justices Segal and McLoughlin, DA Parisi, ADAs Gruner and Whelan, and defense counsel Gary and Pollok. He seeks $10 million in damages and asks that Defendants be "held accountable." (*Id.* at 6.)[5]

## DISCUSSION

### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

[4] Plaintiff has not named any defendant in connection with his allegation that he was denied pain medication at Marcy Correctional Facility, and such a claim is unrelated to all of his other claims in this action regarding alleged violations of his constitutional rights during his criminal proceedings. Moreover, it appears that Plaintiff is already litigating such claims. The Court therefore does not construe the complaint as asserting claims arising at Marcy Correctional Facility.

[5] Plaintiff also writes a letter to the Court (ECF 8) regarding his medical treatment at Franklin Correctional Facility, which is in Franklin County, in the Northern District of New York. 28 U.S.C. § 112 (a). If Plaintiff wishes to bring new claims regarding his medical treatment in Franklin County, venue lies in the Northern District of New York. 28 U.S.C. § 1391(b)(2).

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff alleges that Justice Segal set bail too high and made statements that Plaintiff considered false. (ECF 1 at 8.) Justice McLoughlin allegedly made false statements that Plaintiff "has a drug problem and mental health issues." (*Id.*) These allegations do not show that Defendants Segal and McLoughlin acted beyond the scope of their judicial responsibilities or outside of their jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Defendants Segal and McLoughlin for damages for "acts arising out of, or related to, individual cases before [them]," Defendants are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Defendants Segal and McLoughlin because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B. Prosecutorial Immunity**

Plaintiff sues prosecutors Parisi, Gruner, and Whelan. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).

In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp*

*v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against Defendants Parisi, Gruner, and Whelan are based on the decision to initiate prosecution and alleged failure to disclose exculpatory material already known to Plaintiff. Decisions about initiating prosecution and handling evidence are within the scope of a prosecutor's official duties and associated with the conduct of a trial. *See*, *e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case.") (citation omitted); *Warney v. Monroe Cnty.*, 587 F.3d 113, 125 (2d Cir. 2009) ("A civil lawsuit is not a necessary enforcement mechanism for ensuring that prosecutors disclose exculpatory information."). Therefore, Plaintiff's Section 1983 claims against Defendants Parisi, Gruner, and Whelan are dismissed because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C. Private Parties**

Plaintiff sues attorney Kara Gary from the Public Defender's Office and defense counsel Michael Pollock, alleging that they violated his constitutional rights by taking or failing to take certain actions when representing him in criminal proceedings. To state a claim under Section 1983 for a violation of a constitutional right, a plaintiff must allege that the right was violated by a person acting under the color of state law, referred to as a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

An attorney's legal representation of an individual generally does not constitute state action for the purpose of a claim under Section 1983 against that attorney. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("[A]ttorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Frierson-Harris v. Hough*, No. 05-CV-3077 (DLC), 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983."). Because Defendants Gary and Pollock were not functioning as state actors in representing Plaintiff in criminal proceedings, Plaintiff cannot state claims against them under Section 1983 for violating his constitutional rights. Plaintiff's Section 1983 claims against Defendants Gary and Pollock for alleged violations of his federal constitutional rights must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[6]

---

[6] Insofar as Plaintiff suggests that Defendant Pollock provided ineffective assistance of counsel, a civil rights action is not the proper vehicle for Plaintiff to challenge his conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (explaining that a petition for a writ of *habeas corpus*, not a civil rights action, is the remedy for prisoner seeking to challenge the fact or duration of his confinement (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Nothing in this order prevents Plaintiff from bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his conviction, on the ground that he received ineffective assistance of counsel or other grounds, once he has raised such claims through one complete round of state court review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (explaining that a petitioner satisfies the exhaustion requirement for a *habeas corpus* petition by presenting his claims through one complete round of the state's established appellate review process).

### D. State Law Claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's federal claims are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and the Court declines supplemental jurisdiction of any state law claims, 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a civil judgment dismissing this action.

SO ORDERED.

Dated: August 26, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.